IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-335-D |
| ) | |
| VIRTUAL BENEFITS GROUP INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DISMISSAL

By Order of February 21, 2020, the Court granted motions to dismiss filed by Defendants United HealthCare Services, Inc. and Blue Cross and Blue Shield of Texas, and dismissed Plaintiff's action against them without prejudice to filing a motion to amend his complaint within 14 days. Plaintiff has not filed a timely motion. Therefore, the Court finds that the action against these defendants should be dismissed with prejudice.

By Order of February 20, 2020, the Court directed Plaintiff to proceed with, or explain his inaction regarding, his case against Defendant John Oliver. Plaintiff has responded to the Order by filing a Motion for Default Judgment Against John Oliver [Doc. No. 59]. The Court finds that the Motion does not satisfy the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 *et seq.*, in that it is supported by an affidavit that does not meet the requirements of § 3931(b)(4) and contains only a conclusory statement that Plaintiff's attorney was unable to determine whether Mr. Oliver is in military service. Further, the Court is mindful that it cannot enter a default judgment against Mr. Oliver

without determining that personal jurisdiction over him exists. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997); *see also Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). Under the circumstances of this case, where Mr. Oliver originally appeared to contest personal jurisdiction and the Court has found that Plaintiff failed to establish personal jurisdiction over co-defendants with whom Mr. Oliver allegedly acted, the Court finds that Plaintiff has failed to provide a sufficient basis for entering a default judgment against Mr. Oliver. The Court therefore finds that Plaintiff's Motion should be denied and his case against Mr. Oliver – like Defendants Virtual Benefits Group, LLC and Lois Oliver – should be dismissed without prejudice to refiling.[1]

IT IS THEREFORE ORDERED that this action is DISMISSED, with prejudice, as to Defendants United HealthCare Services, Inc. and Blue Cross and Blue Shield of Texas.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment Against John Oliver [Doc. No. 59] is DENIED and this action is DISMISSED, without prejudice, as to Defendant John Oliver. Because this Order disposes of Plaintiff's action against all remaining defendants, a separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 9th day of March, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court is also mindful that Plaintiff claims Mr. Oliver acted together with these defendants in defrauding him. Entering a default judgment against one of several tortfeasors with joint liability for Plaintiff's alleged injury would create a risk of inconsistent judgments.